UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| PATRICK SIMPSON | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 4:04-cv-84 |
| | ) | 4:03-cr-13 |
| | ) | *Collier* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Patrick Simpson ("Simpson"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. <u>Standard of Review</u>

This court must vacate and set aside Simpson's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Simpson "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Simpson is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Simpson pleaded guilty to one count of distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). He was sentenced to a term of imprisonment of 52 months. He did not appeal his sentence. In support of his § 2255 motion to vacate sentence, Simpson alleges the following: (1) his base offense level was erroneously established, and (2) he was entitled to a downward departure.

III.  Discussion

*A. Base Offense Level*

Simpson was indicted in a four-count indictment, charging him with one count of possession of marijuana, in violation of 21 U.S.C. § 844 (count one), and three counts of distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (counts two, three, and four). The Presentence Investigation Report summarized the conduct that formed the basis of the offenses as follows:

> **The Offense Conduct**
>
> 9. On October 23, 1999, agents with the 17th Judicial Drug Task Force initiated a traffic stop of a red 1993 Ford Thunderbird belonging to Patrick Simpson, which was being operated by John Young, Jr. The vehicle was stopped based on information received from a reliable confidential informant that Simpson and Young were en route to pick up either a quarter kilogram or half kilogram of cocaine, which they planned on converting to cocaine base to distribute in Shelbyville, Tennessee. The vehicle was stopped based on the aforementioned information as well as two traffic violations that were made just prior to the stop; these violations were improper lane change and failing to signal a left turn. Once the vehicle was stopped, Simpson and Young were informed of the reason for the stop. When asked if they were transporting any illegal drugs or weapons, Simpson indicated that he

> had a weapon and leaned over in the front passenger's seat as though he was going to retrieve it from under the seat. Another agent, who was standing on the passenger's side of the vehicle, observed the weapon in the waistband area of Simpson's pants. Thinking that Simpson was attempting to retrieve the weapon in order to use it, the agent ordered Simpson, at gunpoint, to place his hands above his head. The revolver was retrieved from Simpson's waistband and Simpson was placed under arrest for carrying a weapon for the purpose of going armed. A subsequent search of Simpson's person resulted in the seizure of a bag of marijuana. The search of Young's person resulted in the seizure of $4,558 which is suspected to be illegal drug proceeds. A further search of the vehicle resulted in the seizure of $9,281, which was found inside a phone box in the rear seat, which is also suspected to be illegal drug proceeds (for a **total of $13,839 in illegal drug proceeds seized**). Items seized were the money, as well as the vehicle, a Nokia cellular phone with charger, **a Taurus .38 caliber revolver** with twenty rounds of ammunition, a gold in color rope-type necklace, a gold in color flat-type neck chain, and two gold in color rings with clear stones. The firearm had been reported stolen out of Maury County, Tennessee. At the jail, another bag of marijuana was found in the crotch area of Simpson's pants. Laboratory tests revealed that the **total amount of marijuana seized was 16.0 grams**.
>
> 10. On February 18, 2002, a confidential informant, working with agents of the drug task force contacted Simpson in order to purchase crack cocaine. The controlled purchase resulted in a purchase of 2.2 grams of cocaine base.
>
> 11. On April 3, 2003, a second controlled purchase occurred with Patrick Simpson, by use of a confidential informant. This resulted in a purchase of 0.7 gram of cocaine base.
>
> 12. On April 9, 2003, a third controlled purchase of crack cocaine was made from the defendant. The buy was recorded and monitored by other officers of the 17th Judicial Drug Task Force. Laboratory test results revealed that the crack cocaine was 0.4 gram.

[Criminal Action No. 4:03-cr-13, Presentence Investigation Report, p. 4 (emphasis in original)].

Simpson pleaded guilty to count four (the April 9, 2003, distribution) and the remaining counts were dismissed. Simpson's base offense level was determined to be 26, based upon the quantity of drugs attributable to him. That amount included the amount of drugs in the count to which he pleaded as well as in the dismissed counts, and also included the amount of drugs equivalent to the illegal drug proceeds seized from Simpson at the time of the offense set forth in count one. Simpson also received a two-level enhancement for possession of a firearm in connection with a drug-trafficking offense (the offense set forth in count one) and a three-level reduction for acceptance of responsibility. Simpson's total offense level was therefore 25 which, with a criminal history category of I, resulted in a guideline sentence range of 57 - 71 months.

Simpson alleges that his base offense level was erroneously calculated to be 26. He argues that the drug quantities were not established by a jury or proven beyond a reasonable doubt. Simpson relies on the Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). At this time, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Simpson's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id.* at 1290 (citation omitted).

In addition, any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769.

The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, No. 05-5130, 74 U.S.L.W. 3207, 2005 WL 1671557 (October 3, 2005). Accordingly, neither *Blakely* nor *Booker* afford Simpson any relief.

### B. Downward Departure

Simpson claims he is entitled to a downward departure of five months, based upon the five months he served in the Bedford County Jail after being convicted of carrying a weapon for the purpose of going armed. According to Simpson, he should receive credit for time served.

Simpson was, in fact, granted a downward departure of five months based upon his attorney's motion. As noted earlier in the opinion, Simpson's guideline sentence range was 57-71 months, and he was sentenced to 52 months. In effect, the five months spent in the Bedford County Jail were credited to service of Simpson's federal sentence. Simpson has already received the relief he requests in this regard and he is not entitled to further relief.

IV.  Conclusion

Simpson is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

    **/s/**
**CURTIS L. COLLIER, CHIEF**
**UNITED STATES DISTRICT JUDGE**